IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kenneth Wingo, | Case No. 0:25-cv-00330-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Shana Peeler and Kathy White, | |
| Defendants. | |

    This matter is before the court on the motion for summary judgment filed by Defendants Shana Peeler and Kathy White.[1] [ECF No. 26.] Plaintiff Kenneth Wingo filed a response in opposition,[2] ECF No. 64, and Defendants filed a reply, ECF No. 67. This matter is fully briefed and ripe for the court's review. For the reasons below, the court grants Defendants' motion.

## BACKGROUND

    Plaintiff brings this pro se action under 42 U.S.C. § 1983 against Defendants, alleging that, while he was a pretrial detainee at Spartanburg County Detention Center (the "Detention Center"), Defendants were deliberately indifferent to serious medical needs in violation of the Fourteenth Amendment. [ECF No. 1; ECF No. 8 (construing the complaint as purporting to assert only a Fourteenth Amendment deliberate indifference claim).] Plaintiff seeks one hundred and fifty

---

[1] The complaint misspells Defendant Peeler's name, which is correctly spelled "Shana Peeler." ECF No. 26-1 at 1. Defendant Peeler is a licensed nurse practitioner with the Spartanburg County Detention Center, and Defendant White is its medical administrator. *Id.*

[2] Prior to this response, the magistrate judge issued a Report and Recommendation, recommending this action be dismissed with prejudice due to Plaintiff's lack of prosecution. [ECF No. 52.] Plaintiff, however, filed a motion to amend his complaint, indicting a willingness to prosecute his case. *See* ECF No. 54. This court denied the motion as untimely but granted Plaintiff more time to respond to Defendants' motion for summary judgment. [ECF No. 57.] Plaintiff filed his response in opposition, ECF No. 64, and this court will review his arguments. Therefore, the Report and Recommendation is terminated as moot.

1

thousand dollars as compensatory damages, as well as injunctive relief to get "medical attention."[3] *See* ECF No. 1 at 7.

A few months before his detention with the Detention Center, Plaintiff fractured his left hip in a motor vehicle accident, which required a full hip replacement. [ECF No. 1 at 6; ECF No. 26-2 ¶ 10.] The surgery, however, subsequently caused Plaintiff to develop a deep vein thrombosis ("DVT") in his left leg. *Id.* ¶ 11. DVTs can permanently damage or destroy valves in the affected vein, leading to chronic conditions such as neuropathy (numbness), discoloration, pain, and swelling. *Id.* ¶ 12. Further, DVT in the legs affects individuals' mobility, often requiring the use of walkers or canes. *Id.*

Plaintiff was housed at the Detention Center from October 2024 to May 2025. *Id.* ¶ 12. While there, Plaintiff complained of pain, swelling, numbness, and discoloration in his left hip, leg, and foot. *Id.* ¶ 15. The Detention Center medical staff had access to Plaintiff's medical records and were aware of his DVT. *Id.* They conducted multiple physical examinations of his left leg, which revealed no acute issues requiring emergency care or evaluation by a doctor. *Id.* Instead, the staff concluded Plaintiff was suffering from chronic conditions associated with a DVT and gave him several treatments throughout his stay, including a walker to help with mobility, compression socks to treat his chronic swelling, nortriptyline to treat his numbness, and naproxen, ibuprofen, acetaminophen, and aspirin to treat his pain and swelling. *Id.* Plaintiff, however, argues such treatments were insufficient, as his conditions worsened daily, and the staff should have referred him to a doctor. *See* ECF No. 1.

---

[3] Plaintiff is no longer at the Detention Center, so his claim for injunctive relief is moot.

**LEGAL STANDARD**

Defendants move for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. [ECF No. 26.] Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Courts must liberally construe complaints filed by pro se plaintiffs. *Gowen v. Winfield*, 130 F.4th 162, 171 (4th Cir. 2025). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Still, the "special judicial solicitude" applicable to pro se complaints "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (1990). Accordingly, the court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *id.*, nor can the court presume a

genuine issue of material fact where none exists. If none can be shown, summary judgment should be granted. Fed. R. Civ. P. 56(c).

## DISCUSSION

As a pretrial detainee, Plaintiff's deliberate indifference claims are governed by the Due Process Clause of the Fourteenth Amendment, which protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) ("[T]he Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, 'mandates the provision of medical care to [pretrial] detainees who require it.'" (emphasis in original) (quoting *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992))).

The Fourth Circuit recently clarified that the United States Supreme Court's decision in *Kingsley v. Hendrickson* "repudiates a subjective requirement for pretrial detainees' Fourteenth Amendment claims and permits pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on [a] purely objective basis[.]" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Therefore, the Fourth Circuit adopted an objective test for this claim. *Id.* at 611. Under this objective test, Plaintiff must show (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that condition posed; (3) Defendants knew or should have known (a) that Plaintiff had that condition and (b) that Defendants' action or inaction posed an unjustifiably high risk of harm; and (4) as a result, Plaintiff was harmed. *Id.* at 611.

This test has only one difference from the prior subjective test. *Id.* A plaintiff no longer needs to establish Defendants "had actual knowledge of [his] serious medical condition and consciously disregard the risk that their action or failure to act would result in harm." *Id.* Now, a

4

plaintiff need only show that Defendants "acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Defendants' actions or inaction must be "objectively unreasonable." *Id*. (quoting *Kingsley*, 576 U.S. at 397). However, "it is . . . not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12. Here, Defendants argue they are entitled to summary judgment because no reasonable jury could conclude that Plaintiff has established any of the *Short* elements. [ECF No. 26-1 at 5.]

## I. Serious Medical Condition

Plaintiff must show he had a serious medical condition that posed a substantial risk of serious harm. *Short*, 87 F.4th at 611–12. A condition is objectively serious if it is "diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would recognize the necessity for a doctor's attention." *Id*. at 612 (citing *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)); *see also Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Defendants argue that Plaintiff's chronic DVT-related issues do not constitute a serious medical condition under the *Short* test. [ECF. No. 26-1 at 6.] They reason that such chronic issues are not medical emergencies and do not pose a substantial risk of harm. *Id.*; *see also* ECF No. 26-2 ¶ 13 ("Chronic pain, swelling, discoloration, and/or neuropathy caused by a resolved DVT is not a medical emergency and does not pose a substantial risk of harm to the patient. These are chronic conditions that can only be managed and will often persist for the rest of a patient's life."). Yet, in her affidavit, Defendant Peeler testifies that the Detention Center medical staff examined Plaintiff and provided several treatments to manage these chronic issues. [ECF No. 26-2 ¶ 15.] Viewing

these facts in the light most favorable to Plaintiff, the court will assume his chronic DVT-related issues constitute a serious medical condition.

## II.     Defendant's Response to Risk

Next, Plaintiff must show that Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk posed by Plaintiff's medical condition. *See* Short, 87 F.4th at 611. Plaintiff argues Defendants' failure to refer him to a doctor caused his condition to worsen. *See* ECF No. 1 at 4–5, 7; *see also* ECF No. 64. Defendants dispute this allegation through Defendant Peeler's affidavit. *See* ECF No. 26-1; *see also* ECF No. 26-2. There, Defendant Peeler testifies that staff provided multiple treatments and conducted examinations that revealed no acute need for physician referral. *See* ECF No. 26-2 ¶¶ 14–15. Plaintiff offers no evidence to refute this testimony, does not identify any other treatment that would have been more appropriate, and fails to establish that Defendant's actions caused his conditions to worsen. *Cf. Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir. 2021) (affirming the grant of summary judgment of an Eighth Amendment deliberate indifference claim where a prisoner "failed to forecast evidence showing [the treating doctor's] treatment plan was 'so grossly incompetent' as to permit a finding of deliberate indifference"); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (noting that the Fourth Circuit has consistently found disagreements between an inmate and a physician over the inmate's proper medical care "fall short of showing deliberate indifference"). No reasonable jury could conclude Plaintiff has established this element.

## III.     Knowledge and Risk

The second and third *Short* elements overlap to some extent: the second centers on whether Defendants' action or inaction was appropriate, while the third examines what Defendants knew or should have known. *See Short*, 87 F.4th at 611; *see also Rhoads v. S. Health Partners*, No. 8:22-

6

CV-1409-SAL, 2025 WL 2201413, at *7 (D.S.C. July 1, 2025). Specifically, Plaintiff must establish that Defendants knew or should have known that their actions posed an unjustifiably high risk of harm. *See Short*, 87 F.4th at 611.

Here, the evidence shows that Defendants were aware of Plaintiff's chronic conditions. *See* ECF No. 26-2 ¶ 15. However, the record demonstrates that physical examinations failed to indicate an emergency requiring that he be seen by a doctor. *See* ECF No. 26-2 ¶ 15. While Plaintiff alleges his chronic issues worsened as a result of not being seen by a doctor, he provides no evidence explaining how a doctor's involvement would have altered his treatment or outcomes. At most, Plaintiff's unsupported allegations suggest negligence, which does not violate the Fourteenth Amendment. *See Short*, 87 F.4th at 612 ("Negligence was not enough before, and it is not enough now." (internal citation omitted)). Where the record provides no genuine issue of material fact that Defendants knew or should have known their inaction created an unjustifiably high risk of harm, Defendants are entitled to summary judgment.[4]

---

[4] As a result of Plaintiff's failure to establish an issue of material fact on his Fourteenth Amendment claims, Defendants are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *see also Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) ("A qualified immunity inquiry involves two steps. A court generally considers first, whether a constitutional violation occurred, and, second, when the court finds such a violation, whether the right violated was clearly established at the time of the official's conduct." (internal quotation marks omitted)).

## CONCLUSION

For these reasons, the court **GRANTS** Defendants' motion for summary judgment, ECF No. 26.[5]

IT IS SO ORDERED.

February 27, 2026  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[5] Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 55, is terminated as duplicative. *See* ECF No. 8.